IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA                                                                CIVIL ACTION

JAMES THOMPSON,

    Plaintiff,

Case No. 05-CA-004902
Judge: McIver, William C

vs.

TRICAM INDUSTRIES, INC.,
a Minnesota corporation, and
HOME DEPOT, U.S.A., INC.,
a Georgia corporation,

    Defendants.

2: 06-CY- 56 -FtM-33DNF

FILED 06 JAN 26 AM 11:09

## COMPLAINT

COMES NOW, the Plaintiff herein, JAMES THOMPSON, by and through the undersigned attorney, and sues the Defendants, TRICAM INDUSTRIES, INC., and HOME DEPOT, U.S.A., INC., and alleges as follows:

1. This is an action for damages in excess of $15,000.00.

2. At all times materials hereto, the Plaintiff, JAMES THOMPSON, was a resident of Lee County, Florida.

3. At all times materials hereto, the Defendant, HOME DEPOT, U.S.A., INC., (herein and after referred to as "HOME DEPOT") was and is a foreign corporation, authorized to do business in the State of Florida and, in fact, is doing business in Lee County, Florida, and owned and operated, and/or controlled a department store known as Home Depot located at 3402 Omni Blvd., Fort Myers, Florida.

4. At all times materials hereto, the Defendant, TRICAM INDUSTRIES, INC. (herein and after referred to as "TRICAM INDUSTRIES"), was and is a foreign

corporation, which has extensive contact with the State of Florida in that it manufactured and/or produced the subject ladder, and thereafter distributed said ladder throughout the State of Florida in large quantities and as a result thereof, Defendant, TRICAM INDUSTRIES, is subject to the Court's jurisdiction pursuant to Florida Statutes Section 48.193. Additionally, Defendant, TRICAM INDUSTRIES, delivered a defective product into the State of Florida for placement in the stream of commerce in Florida thereby committing a tortuous act within this State and as a result thereof, Defendant, TRICAM INDUSTRIES, is subject to this Court's jurisdiction pursuant to Florida Statutes Section 48.193.

5. On or about November 16, 2004, an agent for Northtrail R.V. purchased a Husky Ladder ("the ladder") manufactured by Defendant, TRICAM INDUSTRIES, at the Home Depot store located at 3402 Omni Blvd., Fort Myers, Florida. On or about March 24, 2005, Plaintiff, who worked at Northtrail R.V., was on the ladder working on a recreational vehicle when one of the rivets on the ladder failed causing the ladder to collapse and the Plaintiff to fall and to be severely injured.

## COUNT I

### NEGLIGENCE OF DEFENDANT, HOME DEPOT

Plaintiff realleges and reavers Paragraphs 1 through 5 as though fully set forth herein and further states:

6. At all times material hereto, the Defendant, HOME DEPOT, was and is in the business of selling ladders to the public.

7. At all times materials hereto, the Plaintiff was owed a duty by Defendant, HOME DEPOT, to supply products in a reasonably safe condition.

8. At all times materials hereto, the Defendant, HOME DEPOT, breached its duty as follows:

    a. By failing to provide safe ladders to its business patrons;

    b. By failing to correct, repair or replace the ladder when the Defendant knew, or should have known, that the ladder was not safe; and

    c. By failing to warn business patrons, such as the Plaintiff, of the dangerous condition of its ladder.

9. As a direct and approximate result of the negligent acts and/or omissions of the Defendant, HOME DEPOT, the Plaintiff was injured in and about his body and suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, scarring, mental pain and anguish, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of bodily function and has lost the capacity for the enjoyment of life.

NOW WHEREFORE, Plaintiff demands a judgment for damages against Defendant, HOME DEPOT, together with costs and demands trial by jury of all issues triable as of right by jury.

## COUNT II

### NEGLIGENCE OF DEFENDANT, TRICAM INDUSTRIES

Plaintiff realleges and reavers Paragraphs 1 through 5 as though fully set forth herein and further states:

10. At all times materials hereto, Defendant, TRICAM INDUSTRIES, was and is engaged in the business of manufacturing, designing, distributing, testing,

constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, and selling ladders.

11. At all times materials hereto, Defendant, TRICAM INDUSTRIES, had a duty to exercise reasonable care in manufacturing, designing, distributing, fabricating, analyzing, merchandising, advising and promoting ladders as well as to protect the safety of the Plaintiff.

12. Defendant, TRICAM INDUSTRIES, was negligent in failing to exercise due care in designing, manufacturing, and selling ladders in the following manner:

   a. By failing to properly test and inspect the ladder so as to prevent a defective ladder from being used by persons such as the Plaintiff;

   b. By negligently designing the ladder so that it was not capable of supporting the Plaintiff;

   c. By negligently designing and manufacturing the ladder in such a manner whereby the proper use of it would result in its collapsing under the Plaintiff causing injury to the Plaintiff; and

   d. By negligently failing to warn the Plaintiff of the dangerous condition presented when it knew or should have known that the ladder was defectively built and that such defect was latent and not apparent so as not to cause injury to the Plaintiff.

13. As a direct, proximate, and foreseeable result of the negligence acts and/or omissions of Defendant, TRICAM INDUSTRIES, the Plaintiff was injured in or about his body, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, scarring, mental pain and anguish, suffered

loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of bodily function and has lost the capacity for the enjoyment of life.

NOW WHEREFORE, Plaintiff demands a judgment for damages against Defendant, TRICAM INDUSTRIES, together with costs and demands trial by jury of all issues triable as of right by jury.

## COUNT III

### STRICT LIABILITY AS TO DEFENDANT, TRICAM INDUSTRIES

Plaintiff realleges and reavers Paragraphs 1 through 5 as though fully set forth herein and further states:

14. Defendant, TRICAM INDUSTRIES, was a manufacturer and seller engaged in the business of manufacturing and selling the product which is the subject matter of the Complaint to wit: the ladder.

15. The product was expected to reach and did reach the customer/user without substantial change in the condition in which it was sold.

16. The product when sold by Defendant, TRICAM INDUSTRIES, was unreasonably dangerous to the user due to the defects in the design and/or manufacture of the product.

17. The Plaintiff was within the scope of persons who would use or be affected by the product in question.

18. Defendant, TRICAM INDUSTRIES, is strictly liable for any physical harm caused as a result of the unreasonably dangerous condition of the product.

19. As a direct, proximate, and foreseeable result of the unreasonably

dangerous condition of the product manufactured and sold by Defendant, TRICAM INDUSTRIES, the Plaintiff was injured in or about his body, and/or aggravated pre-existing condition or injuries, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, scarring, mental pain and anguish, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of bodily function and has lost the capacity for the enjoyment of life.

NOW WHEREFORE, Plaintiff respectfully requests a judgment for damages against Defendant, TRICAM INDUSTRIES, together with costs and demands trial by jury of all issues triable as of right by jury.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AS TO DEFENDANT, TRICAM INDUSTRIES

Plaintiff realleges and reavers Paragraphs 1 through 5 as though fully set forth herein and further states:

20. At all times materials hereto, Defendant, TRICAM INDUSTRIES, impliedly warranted that the ladder and/or component parts thereof were reasonably fit for their intended use.

21. At all times materials hereto, the Plaintiff used the ladder in the manner in which it was intended to be used.

22. At all times materials hereto, the ladder was not reasonably fit for the ordinary purposes for which said ladders are used, and the supporting structure was of insufficient design, strength and durability to render it free from latent defects and to be

safe for those climbing upon the ladder.

24. As a direct, proximate and foreseeable result of the aforementioned breach of warranty, the supporting structure of the ladder collapsed and Plaintiff was thrown to the ground and Plaintiff was injured in or about his body, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, scarring, mental pain and anguish, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of bodily function and has lost the capacity for the enjoyment of life.

NOW WHEREFORE, the Plaintiff demands judgment for damages against Defendant, TRICAM INDUSTRIES, together with costs and demands trial by jury of all issues triable as of right by jury.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AS TO DEFENDANT, HOME DEPOT

Plaintiff realleges and reavers Paragraphs 1 through 5 as though fully set forth herein and further states:

25. At all times materials hereto, Defendant, HOME DEPOT, impliedly warranted that the ladder and/or component parts thereof were reasonably fit for their intended use.

26. At all times materials hereto, the Plaintiff used the ladder in the manner in which it was intended to be used.

27. At all times materials hereto, the ladder was not reasonably fit for the

ordinary purposes for which said ladders are used, and the supporting structure was of insufficient design, strength and durability to render it free from latent defects and to be safe for those climbing upon the ladder.

28.   As a direct, proximate and foreseeable result of the aforementioned breach of warranty, the supporting structure of the ladder collapsed and Plaintiff was thrown to the ground and Plaintiff was injured in or about his body, suffered pain therefrom, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, scarring, mental pain and anguish, suffered loss of wages and his working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of bodily function and has lost the capacity for the enjoyment of life.

NOW WHEREFORE, the Plaintiff demands judgment for damages against Defendant, HOME DEPOT, together with costs and demands trial by jury of all issues triable as of right by jury.

_____
JAMES THOMPSON

BEFORE ME, the undersigned, personally appeared JAMES THOMPSON who showed his Florida Drivers License as identification and swore under oath the above to be true.

_____
NOTARY

ROY W FOXALL
Notary Public - State of Florida
My Commission Expires Dec 19, 2006
Commission # DD172836

Respectfully submitted,

ROY W. FOXALL, P.A.
Attorney for Plaintiff
Florida Bar No.:0784427
2000 Main St., Ste. 304
Fort Myers, FL 33901
(239) 461-0065
Fax (239) 461-0015